IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. HEATHER BARTLETT, individually and as mother and next friend of S.B., a minor,<br>   Plaintiff,<br><br>v.<br><br>2. MIDAMERICA OUTDOORS, LLC, A domestic Limited Liability Company,<br>3. MIDAMERICA POWER SPORTS LLC, A domestic Limited Liability Company,<br>4. GAYLA ROBINETT, an individual and<br>5. DAVID ROBINETT, an individual,<br>   Defendants. | ) ) ) ) ) Case No. 4:22-cv-00052-TCK-SH ) ) ) ) ) ) ) ) ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Heather Bartlett individually and as mother of S.B., a minor, by and through her attorneys of record, Trevor Furlong, of the Law Offices of Trevor Furlong and Mark Edwards of The Mark Edwards Law Firm, and for her causes of action against the Defendants, alleges and states as follows:

### JURISDICTION

1. This is an action for damages resulting from a motor vehicle collision that occurred on May 30, 2021, near Jay, Oklahoma, in Delaware County.

2. Plaintiffs are residents of the state of Arkansas.

3. Defendant, MidAmerica Outdoors, LLC, is a domestic Limited Liability Company whose principal place of business is in Jay, Oklahoma.

4. Defendant, Mid America Power Sports, LLC, is a domestic Limited Liability Company whose principal place of business is in Jay, Oklahoma.

5. Gayla Robinett, is an individual who lives in Delaware County, Oklahoma. She owns Mid America Outdoors LLC and Mid America Power Sports LLC.

6. David Robinett is an individual who lives in Delaware County, Oklahoma. He owns Mid America Outdoors LLC and Mid America Power Sports LLC.

7. This court has jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

8. Venue of this Court is proper pursuant to 28 U.S.C. Section 1391(b)(2) in that the event giving rise to this claim occurred near Jay, Oklahoma which is located within the Northern District of Oklahoma.

## FACTS

9. Defendant, Mid America Outdoors, is a sixteen-hundred-acre off road vehicle riding and racing park in Jay, Oklahoma.

10. Defendants market themselves to the public as a park where off-road vehicle riders of all ages and experience levels can come and ride ATVs, UTVs and other offroad vehicles on their tracks and trails.

11. Defendants host professional and amateur races on their tracks.

12. Defendants have park amenities including a music pavilion where concerts are held, swimming pools and gaming areas.

13. Defendants have hundreds of camping spots for campers as well as several cabins for rent.

14. Defendants regularly host special weekend events during holiday weekends in which customers come, ride their trails, camp at their campsites and attend races.

15. Plaintiff, Heather Bartlett, is an avid ATV rider. She has several years of ATV riding experience.

16. Chris Bartlett, Plaintiff's husband, is a semi-professional ATV racer.

17. Chris Bartlett trained S.B. how to ride an ATV, including rider safety and proper technique.

18. The Bartlett family regularly goes to parks similar to that of Defendants and rides trails and attends races.

19. On or about May 28, 2021, Plaintiff, Heather Bartlett, Chris Bartlett (Heather's Husband and S.B's Stepdad) and her son S.B. went to Mid America Outdoors, LLC in Jay Oklahoma and camped for the weekend.

20. Defendants advertised a Memorial Day Weekend event at their property which included concerts, racing and family fun.

21. The Bartlett family had friends who went to the park and camped there with them.

22. Through the weekend the Bartlett family, including Heather Bartlett, S.B. and Chris Bartlett rode their ATVs on the Defendants' track and trails.

23. During the weekend Defendants held races.

24. On May 30, 2021, Chris Bartlett and S.B. watched a race together on Defendants' track.

25. When the race was over Defendants announced the track was open to all riders.

26. S.B. got on his ATV, as he had all weekend, and began riding.

27. While riding on Defendants' track, S.B. crested a jump on the racetrack.

28. At the same time S.B. was coming to the peak of the jump a City of Jay Fire Truck was coming up the jump from the opposite direction.

29. The two vehicles collided.

30. Defendants failed to train emergency vehicles the proper exit procedures when leaving their racetrack.

31. Defendants failed to adequately supervise their racetracks.

32. Defendants failed to have any employees assigned to flag riders at their racetracks to let them know it was all clear at blind spots on the track.

33. Defendants failed to adequately establish a dedicated flow of traffic to ensure there were no head-on collisions at their track.

34. S.B. sustained life threatening injuries.

35. An Air Ambulance flew to the scene.

36. The Air Ambulance airlifted S.B. to St. Francis Hospital where he stayed in coma for multiple days.

37. During S.B.'s time in the hospital he underwent multiple surgeries.

38. S.B. continues to have surgical procedures to address his injuries.

39. Defendants did not notify local law enforcement of the collision for two hours following S.B. leaving the scene.

40. Defendants are vicariously liable for the actions or inactions of their employees taken within the course and scope of their employees' employment.

## COUNT I - Negligence

41. Plaintiffs hereby incorporate paragraphs one through forty above.

42. Defendants owed a duty to Plaintiff and all other riders on their track to make sure the track was free from hazards and safe to ride.

43. Defendants breached that duty in numerous ways including but not limited to: releasing riders onto the track prior to making sure all emergency vehicles and other obstacles were

clear of the track; failing to supervise employees at the track; failing to have employees stationed near jumps to ensure rider safety; failing to supervise emergency personnel on the track to ensure they exited the track safely; and failing to ensure there was one flow of traffic on its tracks.

44. Defendants' breach caused Plaintiff, S.B. to suffer life altering physical injuries, caused him permanent injuries, physical pain and suffering, mental pain and suffering, medical expenses (past and future), impairment to earning capacity and was otherwise injured.

45. Additionally, Plaintiff, Heather Bartlett has incurred medical bills on behalf of S.B. that she is personally responsible for and that are claimed as damages in this matter.

**WHERFORE**, based upon Defendants' negligence, Plaintiffs pray for all damages described above in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars and all other relief to which they are entitled.

## COUNT II – PREMISES LIABILITY

46. Plaintiffs hereby incorporate paragraphs one through forty above.

47. That Plaintiffs were invitees on Defendants' premises.

48. As invitees, Defendants owed Plaintiffs a duty to use ordinary care to keep its premises in a reasonable safe condition for the use of Plaintiffs.

49. It was Defendants' duty to either remove or warn Plaintiffs of any hidden danger the Defendants actually knew about or should have known about in the exercise of reasonable care.

50. Defendants breached their duty to Plaintiffs in multiple ways including but not limited to: Failing to ensure their track was clear prior to releasing Plaintiffs and others on it; Failing to ensure emergency responders were adequately trained in the safe way to exit a track;

Failing to supervise their track to ensure all riders and any other vehicles on the track maintained consistent flow of traffic; Failing to ensure there was someone monitoring jumps to give riders a signal it was clear to proceed or not clear depending upon the situation.

51. As a result of Defendants' breaches Plaintiffs suffered the damages as outlined in paragraphs forty-four and forty-five above.

**WHERFORE**, based upon Defendants' negligence, Plaintiffs pray for all damages described above in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars and all other relief to which they are entitled.

## PUNITIVE DAMAGES

52. In addition to compensatory damages Plaintiffs are seeking punitive damages.

53. Defendants acted in reckless disregard for the safety of Plaintiffs and other riders by failing to ensure their track was clear prior to releasing riders onto the track and failing to ensure the track was safe prior to releasing Plaintiffs and others onto the track.

54. The Defendants knew or did not care there was a substantial and unnecessary risk that its conduct would cause serious injury to others.

55. Defendants' conduct was unreasonable under the circumstances.

56. There was a high probability the conduct would cause serious harm to Plaintiffs.

57. As a result of Defendants reckless disregard Plaintiffs suffered damages as listed in paragraphs forty-four and forty-five above.

**WHEREFORE** based upon Defendants' reckless disregard for the safety of Plaintiffs, Plaintiffs pray for an award of punitive damages consistent with Oklahoma Law as well as all other appropriate relief to which they are entitled.

Respectfully Submitted,

**JURY TRIAL DEMAND RESERVED**
**ATTORNEY LIEN CLAIMED**

/s/ Trevor Furlong
Trevor Furlong, OBA#20208
The Law Offices of Trevor Furlong
9206 S. Toledo Ave., Ste. 100
Tulsa, OK 74137
(918) 221-0516 – Telephone
(918) 615-3558 – Facsimile
Trevor@tfurlonglaw.com – Email
***Attorney for Plaintiffs***

AND

Mark Edwards, OBA#16570
The Mark Edwards Law Firm
9206 S. Toledo Ave., Ste. 100
Tulsa, OK 74137
(918) 221-0516 – Telephone
(918) 615-3558 – Facsimile
Medwards@edwardslawok.com – Email
***Attorney for Plaintiffs***